JOSEPH SPEARS et al., Respondents, v. JOHN MATHEWS, Appellant.

*Temporary injunction — power of court to grant — when may be granted.*

Where a temporary injunction is granted, on the application of the plaintiff, the Supreme Court has power to continue the same in force after the entry of judgment in the action in favor of the defendant, and during the pendency of an appeal therefrom.

Appeal from an order made at the Special Term, reviving and continuing in force, an injunction previously granted in this action, after judgment had been entered therein in favor of the defendant.

*Thomas Allison*, for the appellant. After judgment, and pending an appeal therefrom, the court has no power to grant an injunction in the same action, nor to renew a preliminary injunction previously granted. (*Erie Railroad Co.* v. *Ramsey*, 45 N. Y., 637–645; *Fellows* v. *Heermans*, 13 Abb. Pr. [N. S.], 1.)

*E. N. Taft*, for the respondent. That the court has the power to revive and continue the injunction during the pendency of the appeal from the judgment dismissing the complaint, will be seen by reference to the following authorities: *Disbro* v. *Disbro* (37 How. Pr., 147); *Hoyt* v. *Carter* (7 id., 141, 142); *Hart* v. *The Mayor*, etc. (3 Paige, 381; 2 Wait's Prac., 120).

Brady, J. :

The injunction was continued in this case upon the plaintiffs' executing a bond, sufficient in its penalty to cover the claim and all damages and costs that might be awarded on the final hearing. The proceeding was a substantial compliance with the provisions regulating appeals, and the stay to be obtained by conforming the appeal to their requirements. Security was given for the full amount of the claim involved. It is wholly immaterial whether the order made at Special Term is called an injunction or a stay, the effect is to prevent the defendant from availing himself of the judgment rendered in his favor, until the appeal from it is heard

and determined. The power to continue an injunction after judgment, has been asserted both by the Supreme Court and two judges of the Court of Appeals, whose opinions are fortified by authorities bearing directly upon the question.

It is true that in *Fellows* v. *Heermans* the injunction was dissolved, but it does not appear from the case, as suggested by Justice WESTBROOK, whether from a declared want of power in the Supreme Court to grant it, or because it was unnecessary. It seems to have been unnecessary, because a receiver had been appointed, and the appointment was sustained. It is fairly inferable, from that circumstance, that if the injunction had been necessary it would have been retained. The appointment of a receiver is equivalent to an injunction granted, because he succeeds to the rights of the parties in the subject-matter of the action, and holds in subordination to the power and directions of the court. The continuance of an injunction after judgment, upon giving security sufficient to cover the whole matter in controversy, is in harmony with the provisions of the Code in relation to appeals from judgments ordering the payment of money, where a stay is desired. If these provisions of the Code are not applicable to such a judgment as rendered in this case, then the practice previously existing may be invoked, and, as we have seen from the cases *supra*, a stay was a remedy for which it made proper provision.

Under these circumstances, and thus sustained by authority, we think the order made at Special Term was provident, and should be upheld.

Order affirmed, with ten dollars costs and disbursements, to abide event.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.